D/F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

In re:

L&M NEW YORK INC.,

Debtor.

---------------------------------------------------------------X

**MEMORANDUM & ORDER**

**13-CV-5422 (NGG)**

NICHOLAS G. GARAUFIS, United States District Judge.

Appellant Franklyn A.I. Rouse, counsel for Debtor L&M New York Inc. (the "Debtor") in the proceedings below, appeals from the order of Bankruptcy Judge Carla E. Craig of the United States Bankruptcy Court, Eastern District of New York, sanctioning Appellant in the amount of $1,290 for filing a frivolous motion. (See Order Granting Mot. for Sanctions Against Debtor's Attorney for Filing Frivolous Mot. ("Sanctions Order") (Dkt. 33)[1].) The Sanctions Order was entered on the motion of Pedro Ramales (the "Creditor"), and accounted for Creditor's attorneys' fees associated with defending the frivolous motion. (Id.) Because the court finds that the bankruptcy court's decision to grant the motion for sanctions was not an abuse of discretion, the Sanctions Order is AFFIRMED.

## I. BACKGROUND

### A. Factual History

Debtor was a business occupying 46 Wyckoff Avenue, Ground Floor, Brooklyn, New York (the "Premises"). (See Debtor's Mar. 15, 2013, Ltr. (Dkt. 13) at ECF page 2.) Debtor leased the premises from Creditor. (See generally id.) The lease required an initial tender on February 1, 2009, of one month's rent plus two months' security deposit, totaling $9,000, followed by monthly rent payments of $3,000. (Mot. for Relief from Stay (Dkt. 9) ("Mot. for

[1] All references to docket entries refer to the bankruptcy proceeding, In re L&M New York Inc., No. 13-BK-40415 (CEC) (Bankr. E.D.N.Y.).

Relief") ¶ 7.) On January 30, 2012, Creditor commenced a landlord-tenant holdover proceeding in Kings County Housing Court. (Id. ¶ 9.) On September 21, 2012, the housing court issued a judgment against Debtor for $60,000 owed to Creditor, and a judgment of possession of the Premises in favor of Creditor. (Id. ¶ 10.) Creditor was unable to evict Debtor, however, because the housing court stayed the execution of the warrant through December 21, 2012, for Debtor to pay the $60,000 judgment plus rent for November and December of 2012. (Id.) Debtor failed to satisfy the judgment and only paid rent for December 2012. (Id. ¶ 12.) Debtor was served with a warrant of eviction on January 8, 2013. (Id. ¶ 13.) On January 8, 2013, Debtor moved for an Order to Show Cause in the housing court, seeking a stay of the execution of the warrant, which the housing court denied. (Id.) Accordingly, Debtor was scheduled to be evicted from the Premises on January 25, 2013. (Id. ¶ 14.)

On the same day of the scheduled eviction, Debtor filed a Chapter 11 Petition as a small business debtor. (See Voluntary Pet. (Dkt. 1).). Pursuant to 11 U.S.C. § 362, the "automatic stay" under the Bankruptcy Code prevented Creditor from proceeding with the eviction. See 11 U.S.C. § 362(a).

**B. Bankruptcy Court Decision Lifting Stay**

On February 7, 2013, Creditor filed a motion for an order granting relief from the automatic stay, in order to proceed with the scheduled eviction. (See Mot. for Relief.) On February 14, 2013, Bankruptcy Judge Craig scheduled a status conference and a hearing on the Motion for Relief for March 13, 2013. (Scheduling Order (Dkt. 10).) In advance of the hearing, Debtor did not file any opposition to the Motion for Relief.

On the morning of the hearing, and without consent of all parties, Appellant filed a request for an adjournment. (Aff. of Prior Engagement (Dkt. 12).) Appellant did not attend the

hearing, but Debtor's owner, Lisa St. James, was present. (See Hr'g Tr. (Dkt. 14).) At the beginning of the hearing, Judge Craig asked Creditor's counsel if he would consent to the adjournment of the hearing requested by Appellant. (Id. at 3:12-16.) Creditor's counsel did not consent to the adjournment. (Id. at 4:22-24.)

Proceeding with the hearing, Judge Craig held that "under Section 362(e) of the Bankruptcy Code[,] it is not possible for this [hearing] to be adjourned [as of March 13, 2013,]" because the adjournment "would result in the stay automatically terminating." (Id. at 5:1-11.) Judge Craig explained the law to the parties, stating that the stay is automatically terminated "30 days after a motion for stay relief is made" and may only be extended if there is a hearing conducted in which the court determines "that [there is] a reasonable likelihood that the party opposing relief from such stay will prevail at the conclusion of the final hearing." (Id.) Relying on the pre-petition warrant of eviction obtained by Creditor from the housing court, Judge Craig granted the Motion for Relief and lifted the stay. (Id. at 6:13-7:13; see also Mar. 19, 2013, Order Granting Relief from Stay (Dkt. 18).)

Ms. St. James, Debtor's owner and not an attorney, elected to address the court on her own initiative immediately after Judge Craig made her determination. (See Hr'g Tr. at 7:15.) Ms. St. James requested an extension of the stay for two weeks to satisfy the judgment of the housing court. (Id. at 9:13-15.) Judge Craig denied the request, and further explained the basis for her decision to lift the stay. (Id. at 12:4-33:3.)

**C. Motion for Rehearing, Motion for Sanctions, and Appeal**

On March 18, 2013, Appellant filed a motion for rehearing of all the issues in the case. (Mot. to Reargue (Dkt. 16).) Appellant claimed that Debtor had a possessory interest in the Premises, notwithstanding the valid warrant of eviction held by Creditor. (Id. ¶ 19.) Appellant

relied on this alleged possessory interest to support his motion for rehearing, claiming that the automatic stay should not have been lifted by the bankruptcy court. (Id. ¶¶ 19-24.) Creditor opposed the motion. (See Aff. in Opp'n to Debtor's Mot. (Dkt. 20).) Creditor thereafter filed a motion on April 19, 2013, amended on April 23, 2013, for an order imposing sanctions against Appellant for filing a frivolous motion to reargue. (Mot. for Sanctions (Dkt. 24); Am. Mot. for Sanctions (Dkt. 25).) Based on itemized billing records, Creditor sought an award of $1,290. (Rozario Aff. (Dkt. 31).). Appellant did not file an opposition to the motion for sanctions, and on April 30, 2013, filed a notice of withdrawal of the motion for rehearing. (See Not. of Withdrawal (Dkt. 26).) The dilatory withdrawal of the motion for rehearing notwithstanding, the court scheduled a hearing on the motion for sanctions for June 5, 2013. (See May 8, 2013, Order Dismissing Case, Retaining Jurisdiction, and Scheduling Hr'g (Dkt. 29) at 3.) Oral argument was held on June 5, 2013, and on July 25, 2013, Judge Craig granted Creditor's motion for sanctions against Appellant, and awarded reasonable attorneys' fees in the amount of $1,290, in accordance with Federal Rule of Bankruptcy Procedure 9011(c). (Sanctions Order at 1.)

Acting on his own behalf, Appellant now appeals from the bankruptcy court's order.[2] (Not. of Appeal (Dkt. 35).) Appellant designates the following issues for resolution by this court: (1) whether the denial of the adjournment of the hearing on March 13, 2013, was legal error; (2) whether Debtor was entitled to 90 days before the statutory expiration of the automatic stay, rather than 30 days, as per 11 U.S.C. § 362; (3) whether allowing Ms. St. James to address

[2] It is not clear whether Appellant has attempted to withdraw this appeal. There is a docket entry dated October 3, 2013 in the bankruptcy proceeding with the following docket text: "Notice of Docketing on Motion for Withdrawal of Reference to District Court." (Dkt. 40). The document itself, however, is simply a two-page print-out of the initial docket sheet in this district court action. (See id.) And nothing on the face of the document states that Appellant moves to withdraw the appeal. In addition, nothing has been docketed in this district court action to indicate that the appeal is withdrawn or moot. The court attempted to contact Appellant on several occasions to seek clarity on this issue, but Appellant was not reachable.

the court without her attorney present was legal error; and (4) whether Appellant's application for a rehearing was in fact frivolous. (See Statement of Issues (Dkt. 38).)

## II. STANDARD OF REVIEW

On an appeal of a bankruptcy court order, a district court should "review the bankruptcy court decision independently, accepting its factual findings unless clearly erroneous, but reviewing its conclusions of law de novo." In re MarketXT Holdings Corp., 346 F. App'x 744, 745 (2d Cir. 2009) (summary order) (quoting Ball v. A.O. Smith Corp., 451 F.3d 66, 69 (2d Cir. 2006)). When reviewing a bankruptcy court's imposition of sanctions, a district court reviews the decision for abuse of discretion. In re Highgate Equities, Ltd., 279 F.3d 148, 151-52 (2d Cir. 2002); see also Baranek v. Barenek, No. 12-CV-5090 (PKC), 2013 WL 4899862, at *5 (E.D.N.Y. Sept. 11, 2013) (reviewing issuance of sanctions for abuse of discretion), aff'd, 579 F. App'x 57 (2d Cir. 2014) (summary order); In re Dubrowsky, 244 B.R. 560, 578 (E.D.N.Y. 2000) ("As in Rule 11 cases, we review the imposition of sanctions pursuant to Bankruptcy Rule 9011 using the abuse of discretion standard. We are mindful, however, that 'legal errors on the part of the [lower courts] will constitute an abuse of discretion.'" (quoting Mareno v. Rowe, 910 F.2d 1043, 1047 (2d Cir. 1990))).

## III. DISCUSSION

### A. Denial of Application for Adjournment

According to the Judges' Procedures for the U.S. Bankruptcy Court, E.D.N.Y., a party seeking an adjournment of a hearing is generally required to seek the consent of all interested parties at least two business days prior to the scheduled hearing date; adjournments are not granted as of right. See Judges' Procedures, U.S. Bankruptcy Court, E.D.N.Y., Rule 7. Here, Appellant's request for adjournment was filed on the morning of the hearing without the consent

of the other parties. (Aff. of Prior Engagement.) The court finds that in light of Creditor's objection to adjournment, Judge Craig's denial of Debtor's request to adjourn was not legal error.

**B. Termination of Automatic Stay**

Pursuant to 11 U.S.C. § 362(e), the automatic stay is terminated 30 days after a party has requested relief from the stay, unless it is extended by the court. See 11 U.S.C. § 362(e)(1). An extension may only be granted "if there is a reasonable likelihood that the party opposing relief from such stay will prevail at the conclusion of such final hearing." Id. Judge Craig found that in light of the pre-petition warrant of eviction, Debtor—who did not file an opposition to the Motion for Relief in advance of the hearing—could not show that it was reasonably likely to prevail at a final hearing; Judge Craig also concluded that if the hearing was adjourned, the stay would automatically expire pursuant to 11 U.S.C. § 362(e)(1). (See Hr'g Tr at 5:1-7:14.)

Appellant argues that the court may have extended the stay for 90 days if it had granted the motion for a rehearing. (See Statement of Issues at 7.) However, he cites no authority supporting this assertion. (See id.) Accordingly, the bankruptcy court's decision to lift the stay was not legal error.

**C. Debtor's Lack of Representation at Hearing**

Appellant is correct that corporations are not permitted to proceed before a court pro se; as artificial entities, they must act through agents, and thus, must be represented by an attorney licensed to practice law. See Jones v. Niagara Frontier Transp. Auth., 722 F.2d 20, 22 (2d Cir. 1983). In the instant case, Debtor was represented by an attorney in the bankruptcy proceeding (the Appellant), who, for whatever reason, could not appear at the March 13, 2013, hearing, and could not advise the court of his prior engagement until the morning of the hearing.

Although Ms. St. James, the Debtor's owner, addressed the court without Appellant present, the corporation was in fact represented by Appellant in its underlying bankruptcy proceeding. That Ms. St. James elected to address the court in her attorney's last-minute and unexplained absence does not mean that the court lacked the authority to lift the stay based on the record before it, or that the court was required to entertain a motion for rehearing. Indeed, the court would have been within its authority to proceed with the hearing and decide the motion even in the absence Ms. St. James (and in fact lifted the stay before Ms. St. James opted to address the court).[3] Cf., e.g., Engstrom v. Nw. Airlines Corp., No. 08-CV-3456 (JS) (AKT), 2009 WL 3459481, at *1-3 (E.D.N.Y. Oct. 21, 2009) (adopted report and recommendation) (explaining that plaintiff's attorney's failure to appear at hearings and follow court orders resulted in dismissal of an entire civil action).

**D. Sanctions Against Appellant**

Federal Rules of Bankruptcy Procedure 9011(c) authorizes a bankruptcy court to issue sanctions upon an attorney responsible for filing a frivolous motion. The court reviews Judge Craig's decision for "abuse of discretion." Highgate Equities, 279 F.3d at 151-52.

Appellant's contention that the filing of a motion for rehearing of all of the issues in the case was not frivolous relies on the three arguments previously discussed: that (1) Judge Craig wrongly failed to grant an adjournment upon Appellant's last-minute request; (2) Debtor should

[3] Even if it was somehow error to allow Ms. St. James to address the court, the harmless error standard set forth in Federal Rule of Civil Procedure 61 applies to bankruptcy proceedings. See Fed. R. Bankr. P. 9005. That rule instructs the court to "disregard all errors and defects that do not affect any party's substantial rights." Fed. R. Civ. P. 61. "The harmless error rule has been invoked in the bankruptcy context where procedural irregularities . . . would not have had an effect on the outcome of the case." Kane v. Jones-Manville Corp., 843 F.2d 636, 647 (2d Cir. 1988). Here, even if Debtor's lack of representation at the hearing on March 13, 2013, was improper, the court's decision to proceed with the hearing was harmless error. As stated numerous times on the record throughout the hearing, the court found that there was no reasonable likelihood that Debtor would prevail at the conclusion of a final hearing. See 11 U.S.C. § 362(e)(1). In addition, an adjournment of the hearing would have resulted in the stay automatically terminating pursuant to section 362(e)(1), because more than 30 days had passed since Creditor filed for relief from the stay, and, based on the record before the court, an extension was not warranted.

have been granted 90 days, rather than 30 days, before the expiration of the automatic stay; and (3) Judge Craig improperly permitted Debtor to go without representation at the hearing on March 13, 2013. (See also Statement of Issues.) As discussed above, Appellant's arguments on each of these issues are wholly without merit, supporting Judge Craig's determination that the motion for rehearing was frivolous and that sanctions were appropriate.

## IV. CONCLUSION

For the foregoing reasons, the court finds that the Sanctions Order was not an abuse of discretion. The Sanctions Order is therefore AFFIRMED.

SO ORDERED.

s/Nicholas G. Garaufis

NICHOLAS G. GARAUFIS
United States District Judge

Dated: Brooklyn, New York
August 5, 2015